SUCCESSORS OF ABARCA, PLAINTIFFS AND APPELLEES, *v.* NONES ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action of Debt.—Change of Venue.

No. 2685.—Decided July 3, 1922.

CHANGE OF VENUE—JURISDICTION—SUBMISSION.—The fact that a defendant demurs to the amended complaint and answers it after an order has been entered denying the change of venue asked for by him and his co-defendant, and the fact that his answer was filed after both defendants had appealed from the said order, can not be considered as a submission to the court or as a waiver of his right to a change of venue, according to section 298 of the Code of Civil Procedure.

ID.—ID.—When a motion for a change of venue is made the court is without power to decide any other question until that motion has been ruled on.

ID.—ID.—DOMICILE—SURETY.—A and B, defendants in an action to recover on a promissory note signed by the former as principal and by the latter as surety, moved that the case be transferred to the court of the district where they both resided. According to the obligation, A submitted himself to the court in which the action was brought and B stated the following therein: "I guarantee the payment of this obligation under the conditions therein set forth." *Held:* That that statement does not constitute a waiver of the right of domicile by the surety and the change should be granted. *Royal Bank of Canada* v. *McCormick Co. et al.,* 25 P. R. R. 112.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellants.

*Mr. H. G. Molina* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Successors of Abarca brought an action in the Second District Court of San Juan against Adolfo Nones and Luis Lorenzi to recover on a promissory note signed by the former and endorsed by the latter.

In the promissory note copied into the complaint Nones acknowledged that he owed to Successors of Abarca the sum of $3,747.37, the total of three different items which he promised to pay on different dates with interest at the rate of 12 per cent anually after maturity and also the costs, expenses and attorney fees in case of suit, and the following was also stated in the note: "I expressly submit to the jurisdiction of the insular courts of San Juan, P. R." The other defendant

signed the following endorsement on the note: "I guarantee the payment of this obligation under the conditions therein set forth.   Luis Lorenzi."

Both defendants, by an attorney, filed motions in due time and proper form in the court in which the action was brought for a change of venue to the District Court of Ponce on the ground that that was where they resided and the action was a personal one, and on February 6, 1922, the Second District Court of San Juan made the following order: "Only the attorney for the plaintiffs, Henry G. Molina, appears and after argument by him the court holds that the plaintiffs have abandoned their action as against defendant Luis Lorenzi, the action to be prosecuted against the other defendant, Adolfo Nones.  The motion of the defendants for a change of venue is overruled as to the said Adolfo Nones and the plaintiffs are allowed five days within which to amend the complaint."

The attorney for the defendants having been notified of that order and of the amended complaint, which did not contain the allegations of the original complaint referring to Luis Lorenzi who was excluded as a defendant, the defendants appealed from the said order and Adolfo Nones filed a demurrer to the amended complaint.

While that appeal was pending in this court the appellees moved for its dismissal on the ground that Nones had answered the amended complaint, as shown by an exhibited certificate issued by the clerk of the lower court, and the appellees contend that by answering as well as by demurring to the amended complaint, he submitted to the jurisdiction of the lower court and waived any right that he may have had to a change of venue.  This motion and the appeal were heard together and both questions have been submitted to this court.

Inasmuch as section 298 of the Code of Civil Procedure

provides that the perfecting of an appeal from an order granting or refusing to grant a change of venue does not stay proceedings upon the order appealed from, the fact that Adolfo Nones demurred to the amended complaint filed against him after the order appealed from had been entered, and the fact that he answered the complaint after he had appealed, can not be considered as a submission to the lower court nor as a waiver of the right which he attempts to establish by the appeal, for the law provides that notwithstanding the appeal, the action may be proceeded with, but subject, of course, to the outcome of the appeal, so that if the order should be reversed, proceedings after its date would have no lawful effect; therefore we should not dismiss the appeal. *Santalís et al* v. *El Zenit*, 28 P. R. R. 649.

As regards the appeal, the defendants allege the following as the only ground on which it is based: "The court erred in permitting the complaint to be amended for the purpose of defeating the change of venue, and in overruling the motion for a change of venue." The assignment of error includes in fact two propositions: First, that the trial court could not allow the amendment to the complaint; second, that it should have sustained the motion for a change of venue.

A motion for a change of venue presents to the court the question that it has no jurisdiction of the action because another court has such jurisdiction, and for this reason the court in which such a motion is made is without power to decide any other question until the motion for a change has been ruled on, for if the defendants have a right to a change of venue, it is also their right that any motion or proceeding in the action shall be ruled upon by the court of their residence; therefore the order appealed from was erroneous in holding that the plaintiffs had abandoned their action against Luis Lorenzi without having first ruled on the motion of the defendants for a change of venue. In the case of

*Brady* v. *The Times-Mirror Co.,* 106 Cal. 56, which is on all fours with this case in that a motion for a change of venue was heard and before it was disposed of the plaintiff was permitted to withdraw his action as to one of the defendants, the question was decided as we are deciding it here, and although the appellees now say that the case is not the same because there the order was made after the motion had been heard, this does not affect the question, because the filing of the motion for a change of venue is what prevents the consideration of other questions. The appellees also say that the decision cited is erroneous, but we do not find it to be so. They allege, furthermore, that they have a right to withdraw the action at any time before trial upon payment of the costs, unless there is a counter-claim or the defendant has prayed for affirmative relief. This is true, but the plaintiffs did not withdraw the action and have to pay the costs; but only withdrew the action against one of the defendants and left the action pending on the amended complaint.

The order of the lower court being erroneous in so far as it held that the plaintiffs had withdrawn the action against one of the defendants while the motion for a change of venue made by the defendants was pending, in order to dispose of the appeal taken by them we should consider the action as if the court had not ruled on the motion withdrawing the action against Lorenzi.

In this case both defendants moved for a change of venue and although Adolfo Nones is not entitled to it because he voluntarily submitted to the lower court, according to the terms of the promissory note signed by him (*Gómez* v. *Toro,* 23 P. R. R. 596, and *Korber & Co. Inc.,* v. *Colón et al., ante,* page 718), Luis Lorenzi has a clear right that the action be tried at the place of his residence, for in saying in the obligation contracted by him that he guaranteed the payment of the note "under the conditions therein set forth" he

referred only to the conditions of the obligation, *i, e.,* the amount, the time of its payment, the rate of interest after maturity and the payment of costs, expenses and attorney fees; and it can not be held that he also submitted to the jurisdiction of the courts of San Juan because that being a waiver of a right conferred upon him by law, it should have been stated expressly in order to give it legal effect. Consequently, in accordance with section 81 of the Code of Civil Procedure, the action being a personal one and all of the defendants being residents of Ponce when it was brought, the case should have been transferred to the court of their residence in compliance with Lorenzi's motion, for, as we held in the case of *Royal Bank of Canada* v. *A. McCormick Co. et al.,* 25 P. R. R. 112, "the residence of the defendants, or some of them, is what governs the jurisdiction of the district courts in the cases referred to in section 81. If none of the defendants reside within the district, the court can acquire jurisdiction only by the submission of the parties; and if all the defendants are necessary parties and nonresidents, the court cannot acquire jurisdiction by the submission of one or more of said defendants, but only by the submission of all of them."

For the foregoing reasons the appeal will not be dismissed and the order appealed from is reversed and it is ordered that the case be transferred to the District Court of Ponce.

*Reversed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf concurred in the judgment.