RODRÍGUEZ, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE SAN JUAN, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de San Juan, Segundo Distrito, Hon. Manuel Rodríguez Serra, Juez.

No. 404.—Resuelto en abril 3, 1923.

ASEGURAMIENTO DE SENTENCIA—CONSERVACIÓN Y CUSTODIA DE FRUTOS PENDIENTES EMBARGADOS—ADMINISTRACIÓN JUDICIAL.—Ordenes para que el depositario de frutos pendientes embargados para aseguramiento de sentencia haga ciertos gastos necesarios a la conservación de los mismos son nulas, y más aun habiendo sido dictadas *ex parte*. Cuando se embargan tales bienes para aseguramiento de sentencia, el márshal no tiene autoridad para entregarlos a un depositario; lo que procede es constituir en administración judicial la finca que los produce.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. M. Tous Soto y R. Arce.*

Abogado de la parte contraria: *Sr. A. Marín Marién.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

En el pleito seguido en la corte inferior por Ramón Valcourt y Rafael Lomba Otero contra Cruz Rodríguez, se dictó orden para asegurar la efectividad de la sentencia y en cumplimiento de la misma se embargaron dos plantaciones de tabaco, que ocupan ciento diez cuerdas más o menos, y ciento diez cuerdas de caña de azúcar, distribuídas en tres fincas que se describen.

El márshal al cumplir la orden de embargo, designó dos depositarios, uno para la plantación de tabaco y el otro para las de cañas.

El demandado compareció en autos y solicitó el traslado del caso a la Corte de Distrito de Humacao, alegando ser la corte competente por razón de la residencia del demandado en este último distrito.

Pendiente de resolver la anterior moción de traslado, la Corte de Distrito de San Juan, Distrito Segundo, dictó dos órdenes resolviendo dos mociones de los demandantes, la primera, de 24 de enero de 1923, disponiendo que el depositario de las plantaciones de cañas verifique los gastos necesarios de recolección y molienda de las mismas y obtener de la central que verifique la molienda al tipo de ésta más favorable para el colono, y la segunda, de 30 de enero de 1923, autorizando al depositario para hacer los gastos necesarios de condición y cultivo de ocho o nueve cuerdas de cañas que por su poco desarrollo no pueden cosecharse en la presente zafra. Aparece que estas órdenes fueron dictadas sin que las mociones que originaron las mismas fueran notificadas a la parte demandada, la que ahora comparece ante esta Corte Suprema mediante una petición de *certiorari,* solicitando su revisión.

Las secciones 9, 10 y 11 de la Ley para asegurar la efectividad de sentencias, aprobada en marzo 1, 1902, prescribe

la forma en que debe diligenciarse un embargo. De estas secciones se desprende que no ha de nombrarse depositario en todos los embargos. Cuando se embargan bienes inmuebles el márshal ha de recibir instrucciones de la parte, haciéndole una reseña de los mismos, y su función se limita a expedir mandamiento por duplicado al registrador de la propiedad del respectivo distrito para su anotación en el registro, haciendo la correspondiente notificación al demandado, pero sin nombrar depositario ni privar al deudor de su uso y aprovechamiento, porque la ley tiene por bastante garantía para el acreedor la anotación preventiva en el registro de la propiedad. Pero tratándose de bienes muebles, procede entonces, según la sección 10, el nombramiento de un depositario para la custodia y conservación de los mismos. Parece que refiriéndonos a frutos, la sección 11 autoriza que asimismo se haga el nombramiento de depositario. Sin embargo, en este punto es que debemos distinguir si se trata de frutos recolectados o frutos pendientes. En el primer caso, la sección 11 es aplicable permitiendo el nombramiento de depositario, pero en el segundo caso de frutos pendientes, se hace necesario constituirse una administración judicial y el márshal no tiene poder para hacer el nombramiento de depositario-administrador que ha de nombrarse en ese caso.

"Téngase presente que no ha de nombrarse depositario en todos los embargos, sino sólo cuando consistan en bienes semovientes y muebles, comprendiéndose en éstos los frutos ya recolectados, y sin duda por esto y por la poca importancia que generalmente tienen esos bienes, no habrá prevenido la ley que se exija fianza al depositario. Para la custodia y conservación de los demás bienes determina la ley lo que ha de hacerse, y por tanto, no cabe nombrar depositario especial. Como ya se ha dicho en los comentarios anteriores, el dinero metálico, efectos públicos y alhajas, han de depositarse en el establecimiento público destinado al efecto, del que no pueden sacarse sin orden del juzgado: respecto de los frutos y rentas pendientes, ha de constituirse en administración judicial la finca que los produzca, y el mismo administrador será el depositario: si el embargo se limita a los inmuebles, sin comprender sus frutos o rentas,

basta su anotación preventiva en el Registro de la propiedad."
Manresa, Coment. a la Ley de Enj. Civ., tomo V, pág. 515.

En este caso se trata de un embargo de frutos pendientes, y siguiendo el comentario que citamos, para su conservación y custodia, etc., había que constituirse una administración judicial. En tal caso la designación de depositario por el márshal estaba fuera de sus atribuciones, y por consiguiente, las órdenes de la corte inferior disponiendo que dicho depositario hiciera ciertos gastos en los bienes embargados carecían de eficacia legal por haber sido dictadas en exceso de su jurisdicción. Además, la ley para asegurar la efectividad de sentencias, sección 14, establece el procedimiento para substanciar los incidentes que surjan con motivo de un embargo, y como las referidas órdenes fueron dictadas *ex parte,* la corte inferior tampoco cumplió con las reglas ya provistas en aquella sección.

Por todo lo expuesto, se anulan y se dejan sin efecto las órdenes dictadas por la Corte de Distrito de San Juan, Distrito Segundo, de 24 y 30 de enero de 1923.

*Con lugar el recurso y anuladas las órdenes de 24 y 30 de enero, 1923.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.