M. Michelín & Cie., recurrente, *v.* El Registrador de la
Propiedad de Guayama, recurrido.

No. 695.—*Sometido:* Diciembre 1, 1927. *Resuelto:* Enero 20, 1928.

Embargos—Mandamiento de Embargo—Anotación de Embargo—En General.
—La Ley sobre aseguramiento de sentencia de Marzo 1, 1902, (comp. 5241)
no exige que el márshal tenga que trabar embargo sobre los inmuebles antes
de que el Registrador actúe anotando dicho embargo.

Nota de *R. B. Pérez Mercado,* R. (Guayama), denegando anotación
de embargo. *Revocada.*

*Dubón & Ochoteco,* abogados del recurrente; el registrador recu-
rrido, compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

M. Michelin & Cie. entabló demanda en la Corte Munici-
pal de San Juan contra José Rodríguez, Pío Berríos y Al-
fonso Rodríguez, en cobro de dinero. Solicitó el asegura-
miento de la sentencia y la corte lo decretó ordenando que
se librara por el secretario mandamiento dirigido al már-
shal de la Corte Municipal de Cayey para que procediera
a embargar bienes de los demandados en cantidad suficiente
para responder de la suma reclamada en la demanda, y
luego dijo: ''Y se ordena además el embargo de los siguien-
tes bienes, propiedad del demandado Pío Berríos: (Se des-
criben tres fincas rústicas situadas en Barranquitas). El
Secretario de esta Corte librará el correspondiente manda-
miento dirigido al Registrador de la Propiedad de Guayama,
para que dicho funcionario proceda a anotar en los libros
a su cargo, el embargo decretado por esta corte, sobre las
fincas arriba descritas.''

El mandamiento fué librado de conformidad acompañán-
dose al mismo copias de la orden y de la demanda y el re-
gistrador se negó a practicarlo

''porque en el presente caso el tribunal que entiende en el mismo
ordena el aseguramiento de la efectividad de la sentencia por con-
ducto del Márshal de la Corte Municipal de Cayey disponiendo el
embargo de las fincas descritas en la orden, ordenándose que se li-

brara el correspondiente mandamiento para la anotación del embargo, sin que aparezca de ninguno de los documentos presentados que dicho márshal haya cumplido previamente la orden del tribunal trabando embargo sobre dichas fincas.''

No conformes M. Michelin & Cie. interpusieron el presente recurso gubernativo.

Limitados como estamos al motivo expuesto por el registrador en su nota, no encontramos en verdad fundamento sólido alguno para la negativa.

La sección 9 de la ley de marzo 1, 1902, sobre aseguramiento de sentencia, Comp. 1911, sec. 5241, dice, en lo pertinente, así:

''El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado, . . . .''

La ley no exige que el márshal tenga que embargar antes de que el registrador actúe.

En su alegato el registrador, en parte, dice:

''Como quiera que el propósito de la Corte de decretar un embargo por duplicado no es del todo claro, y al tratar de sacarle tal conclusión, resultan muy ambiguos los términos de la orden, creemos que interpretándola en un sentido no demasiado liberal, pero si razonable, y atribuyendo al juez que la dictó el mejor propósito de proteger los derechos del demandante, sin llegar a lesionar los de los demandados, debe entenderse como que la idea y propósito de la Corte fué el de que el márshal embargara previamente, dando así una oportunidad a dicho funcionario para que apreciara la responsabilidad de los bienes descritos y en caso de ser insuficientes, pudiera, según su mejor criterio, hacer extensivo el embargo a otros bienes.''

La orden no es susceptible de esa interpretación. Decretó primero el embargo de bienes de todos los demandados en general y luego, apareciendo que uno de ellos tenía propiedades inmuebles, ordenó su embargo de acuerdo con los preceptos de la ley especial sobre la materia. Se trata de medidas de aseguramiento independientes. La segunda

no está supeditada a la primera. Los demandados pudieran o no tener bienes susceptibles de ser embargados por el márshal de la Corte Municipal de Cayey. Uno de ellos, Berríos, era dueño de inmuebles y sobre los inmuebles se dirigió directamente el embargo para sujetarlos a las resultancias del pleito. Eso es todo.

No estando, pues, bien fundada la nota recurrida, *debe revocarse.*