BANCO COMERCIAL DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN 1ª, recurrido.

No. 786.—*Sometido:* Noviembre 4, 1929. *Resuelto:* Diciembre 19, 1929.

*Oscar Souffront* y *Gabriel de la Haba,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez ordenó la confiscación de una fianza prestada por ciertos fiadores con el fin de levantar el embargo de bienes de los demandados en una acción entablada por El Banco Comercial de Puerto Rico. El demandante entonces solicitó y obtuvo una orden para embargar bienes pertenecientes a uno de los fiadores. El mandamiento expedido por el secretario contenía copia de esa orden, y fué endosado por el márshal de la Corte de Distrito de Mayagüez al de la Corte de Distrito de San Juan, quien lo presentó al registrador para que lo anotara en el registro. El registrador se negó a efectuar la anotación fundándose en que no se había demostrado que la Corte de Distrito de Mayagüez hubiera adquirido jurisdicción sobre la persona del fiador.

La sección primera, y la segunda, de la "Ley para enmendar la 'Ley para asegurar la efectividad de sentencias,'" Leyes de 1916, página 79, leen como sigue:

"Sección 1.—Que la Sección 3 de la "Ley para asegurar la efectividad de sentencias," según fué aprobada en marzo 1 de 1902, según fué enmendada por la Ley de marzo 12 de 1903, quedará enmendada por la presente de manera que lea como sigue:

"Ningún aseguramiento de sentencia podrá decretarse sin la presentación de la correspondiente demanda y de la solicitud de aseguramiento. La solicitud de aseguramiento podrá presentarse con la demanda o luego de interpuesta, en cualquier período del juicio,

antes o después de la sentencia. Si el aseguramiento se solicitare después de pronunciada sentencia no se exigirá fianza.

"Sección 2.—Que la Sección 16 de la referida Ley (5248 de la Compilación) quede derogada y en su lugar se insertará lo siguiente:

"Una vez firme la sentencia pronunciada a favor del litigante que hubiere obtenido un mandamiento de embargo para asegurar la efectividad de dicha sentencia, si el expresado mandamiento de embargo se hubiese suspendido o dejado sin efecto a virtud de fianza o consignación, se dispondrá la confiscación de la fianza a favor de dicho litigante, y se expedirá orden de ejecución contra la parte condenada por la sentencia. Si la orden de ejecución fuere devuelta sin cumplimentar en todo o en parte, se expedirá nueva orden de ejecución contra los fiadores por el remanente que no haya sido satisfecho, siguiéndose contra los fiadores el procedimiento establecido en los Artículos 307 a 312, ambos inclusive, del Código de Enjuiciamiento Civil."

La sección 14 de la Ley de 1902 (para asegurar la efectividad de sentencias), sección 5246 de los Estatutos Revisados, dispone que:

"Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación, y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo. Toda resolución del tribunal será ejecutoria desde luego, pudiendo consignarse por la parte perjudicada la oportuna protesta, a los efectos del recurso que la Ley de Procedimientos le conceda contra la sentencia definitiva."

El artículo 96 del Código de Enjuiciamiento Civil dice que:

"Cuando la acción es contra dos o más demandados responsables solidaria o mancomunadamente en un contrato, y se hiciere la citación a uno o más de aquéllos, pero no a todos, el demandante puede proceder contra los demandados citados, tal como si fuesen los únicos demandados."

El artículo 307 está concebido en los siguientes términos:

"Cuando se obtiene una sentencia contra uno o más entre varios deudores solidariamente responsables de una obligación, mediante el procedimiento prescrito en el artículo 96, los cuales no habiendo sido citados oportunamente no se personaron en el pleito, podrán ser citados para que demuestren por qué causa no han de estar obligados por la sentencia de igual modo que si hubieren sido citados desde un principio."

El artículo 308 dispone lo que deberá contener la citación, y cómo se diligenciará. También dice que no será necesario entablar nueva demanda. El artículo 309 exige que la citación vaya acompañada de una declaración jurada, y prescribe los términos de tal declaración. El artículo 310 especifica las defensas que un demandado podrá alegar en su contestación. El artículo 311 define lo que constituirá las alegaciones en los procedimientos, de acuerdo con circunstancias determinadas por la naturaleza de la defensa interpuesta en la contestación. El 312 indica la forma en que se substanciarán las cuestiones planteadas, y limita la cantidad de la sentencia que pueda dictarse bajo ciertas circunstancias.

El procedimiento bosquejado en los artículos 307 al 312, *supra,* es puramente estatutorio. Substancialmente, es una nueva acción, bien de la naturaleza de una acción sobre la sentencia ya dictada, o como una respecto a una obligación original no del todo confundida (*merged*) en la sentencia, y sí exenta de tal confusión por el estatuto, con sujeción a las limitaciones del remedio estatutorio.

La jurisdicción sobre una parte demandada nunca ha sido considerada como un requisito previo indispensable para que se pueda expedir una orden de embargo en esta jurisdicción, ni en ninguna otra, que nosotros sepamos. La sección 16 de la ley para asegurar la efectividad de sentencias, y el artículo 307 del Código de Enjuiciamiento Civil deben ser interpretados en relación con otras secciones de

la ley para asegurar la efectividad de las sentencias y espe-
cialmente con la tercera, según fué enmendada en 1916. El
único requisito de esta sección (en lo que ahora nos concierne)
es que se haya "presentado" la correspondiente demanda.

En el presente caso, la demanda fué "presentada" al ra-
dicarse la moción solicitando la confiscación de la fianza. El
procedimiento en este caso, aunque sumario en la forma, es
en realidad una acción sobre la fianza. Puede admitirse, sin
que lo resolvamos, que, a tenor de las disposiciones del ar-
tículo 307, *mutatis mutandis,* los fiadores tenían derecho a
una orden para mostrar causa por la cual no debía librarse
el decreto sobre confiscación de fianza. No se desprende que
los fiadores tenían derecho a que se librara una orden para
mostrar causa por la cual la orden de embargo no debía ex-
pedirse, bien antes o después de haberse dictado el decreto
sobre confiscación.

■ La sección 9 de la ley para asegurar la efectividad
de las sentencias ordena que:

"El embargo y prohibición de enajenar inmuebles se efectuarán
anotándolos en el registro de la propiedad y notificándolos al de-
mandado, con la prevención de que no podrá enajenar los bienes
embargados sino en pública subasta, con citación del deman-
dante . . . "

Este tribunal ha resuelto hasta ahora que la notificación
y prevención prescritas en esta sección no tienen que prece-
der a la anotación en el registro de la propiedad. *M. Miche-
lin & Cía.* v. *El Registrador,* 37 D.P.R. 630. Ninguna otra
notificación o prevención es necesaria. La moción solicitando
embargo es el paso inicial en el procedimiento. Ella no es
una de las "pretensiones que se dedujeren por cualquiera de
las partes en el curso del juicio con relación al aseguramiento
de sentencia", dentro del alcance de la sección 14.

*Debe revocarse la nota recurrida y devolverse el caso con
instrucciones de que se anote el embargo.*