LUIS C. PIETRI, demandante y apelado, *v.* VALENTÍN BURGOS SANTOS y GUSTAVO BURGOS SANTOS, demandados y apelantes, y MARÍA ORTIZ, demandada y apelada.

No. 5120.—*Sometido:* Noviembre 26, 1930. *Resuelto:* Abril 17, 1931.

*José E. Díaz* y *V. Polanco de Jesús,* abogados de los apelantes; *Luis Llorens Torres,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un pleito de tercería iniciado por Luis C. Pietri

contra Valentín y Gustavo Burgos Santos y María Ortiz. La corte de distrito lo falló en favor del tercerista, y los demandados Valentín y Gustavo Burgos apelaron de la sentencia para ante este tribunal.

De los autos resulta que el demandado Valentín Burgos entabló un pleito en cobro de dinero en la Corte de Distrito de Arecibo contra el otro demandado Gustavo Burgos y su esposa María Ortiz. Entre los esposos demandados existían graves disgustos. Vivían separados. La esposa residía en San Juan y solicitó el traslado del pleito a la corte de distrito de su residencia, por moción archivada en la Corte de Distrito de Arecibo el 5 de mayo de 1926, acompañada de una excepción previa a la demanda y de un *affidavit* de méritos.

Pendiente de resolución la moción de traslado, el 21 de junio de 1926, el demandante solicitó el aseguramiento de la sentencia que pudiera dictarse, y la corte lo decretó tres días después, embargándose al efecto la finca que es objeto de esta tercería.

El once de agosto de 1926 la Corte de Distrito de Arecibo resolvió la moción de traslado en favor de la Corte de Distrito de San Juan. Continuó esta última corte conociendo del litigio, resolviéndolo finalmente por sentencia declarando con lugar dos de las causas de acción ejercitadas, condenando a los demandados a pagar al demandante dos reclamaciones de mil dólares cada una, con intereses y costas.

En la ejecución de esa sentencia se sacó a pública subasta la finca embargada fijándose el remate para el 11 de septiembre de 1928, y fué entonces que surgió el pleito de tercería, alegando el tercerista Pietri haber comprado la finca a su dueña María Ortiz el 26 de marzo de 1928, por escritura pública, debidamente inscrita en el registro de la propiedad, libre de embargo alguno.

Los demandados Burgos, en tercería, contestaron. La otra demandada no contestó, anotándose su rebeldía. Fué el

pleito a juicio. Ambas partes practicaron sus pruebas y la corte, basándose en que el embargo decretado por la Corte de Distrito de Arecibo era nulo, declaró la demanda con lugar, con costas a los demandados.

En su alegato los apelantes levantan tres errores, uno que va al nervio de la cuestión, o sea la indicada nulidad, otro que se refiere a cierto hecho ocurrido con posterioridad a las alegaciones, y el último que versa sobre la imposición de las costas.

No hay duda alguna con respecto a que el tercerista adquirió de su legítimo dueño la finca en cuestión, que es un predio de terreno de ochenta y cuatro cuerdas situado en el barrio de Toro Negro, Cialitos, del término municipal de Ciales. Tampoco la hay de que, según el registro, adquirió la finca sujeta aparentemente, entre otros gravámenes, al del embargo decretado por la Corte de Distrito de Arecibo de que se ha hecho mérito.

Pero el tercerista sostuvo, y la corte de distrito le dió la razón, que dicho gravamen era aparente y no real, por haber sido anotado a virtud de una orden dictada sin jurisdicción y por tanto sin valor legal alguno.

Y así es, en efecto. En el caso de *Ramos* v. *Lloveras,* 36 D.P.R. 685, 701, dijo esta corte por medio de su Juez Asociado Sr. Hutchison:

"Refiriéndonos nuevamente al tomo 1 de *Sutherland, supra,* página 603, sección 1000, según indica el apelante, el autor, al citar los casos de *Brady* v. *Times Mirror* Co., 106 Cal. 56 y *Nolan* v. *McDuffie,* 125 Cal. 334, dice:

" 'Una moción solicitando el traslado de un caso suspende todos los demás procedimientos judiciales en el mismo, así como el poder de la corte para actuar sobre cualquiera otra cuestión hasta tanto se resuelva la moción. Mientras esté pendiente la vista de la moción, y hasta que se haya resuelto la misma, la corte no tiene facultad para oír ni resolver una excepción previa a la demanda, y cualquier resolución dictada sobre esta última es nula. De proceder la moción de traslado, el demandado tiene derecho a que la

excepción previa sea resuelta por la corte del distrito al cual deba trasladarse el caso.' ''

Y anteriormente, en el caso de *Sucesores de Abarca* v. *Nones et al.,* 30 D.P.R. 866, 869, por medio de su Juez Asociado Sr. Aldrey, había dicho:

"Una moción de traslado plantea a la corte la cuestión de que no tiene competencia para conocer del pleito por corresponder su conocimiento a otra corte y por esto la corte ante quien se presenta tal moción carece de facultad para decidir cualquiera otra cuestión hasta que haya resuelto la de traslado, pues si los demandados tienen derecho a él también lo tienen a que cualquier moción o procedimiento en el pleito sea resuelto por la corte de su residencia, por lo que fué errónea la resolución apelada al tener a los demandantes por desistidos de su acción en cuanto al demandado Luis Lorenzi sin haber resuelto previamente la petición de traslado hecha por los demandados."

La cuestión es clara. Cuando el demandante pidió a la Corte de Distrito de Arecibo que asegurara la sentencia que pudiera dictarse en el pleito y la corte decretó el embargo, ya la demandada señora Ortiz, había solicitado el traslado que fué luego resuelto a su favor. Carecía en tal virtud de autoridad la corte para resolver cualquiera otra cuestión que no fuera la de traslado, y la orden de aseguramiento que dictara y el embargo trabado a virtud de ella no tienen fuerza legal alguna, y siendo ello así, hay que concluir que cuando Pietri adquirió la finca, no pesaba sobre ella el embargo que sirvió de base para anunciarla en pública subasta a los efectos de hacer efectiva la sentencia dictada contra su antigua dueña. No existía nexo jurídico entre la finca y el demandante en el pleito en cobro de pesos, Valentín Burgos. La dueña de la finca la vendió al tercerista Pietri, y éste la adquirió libre de dicho embargo. Y al resolverlo así no erró la corte de distrito, sino que decidió rectamente la cuestión que se le planteara.

En su alegato tratan los apelantes de discutir los méritos del traslado decretado en el pleito en cobro de pesos. Es

demasiado tarde. Tuvieron oportunidad de apelar y no lo hicieron. No se trata de una cuestión jurisdiccional que pueda levantarse no obstante el consentimiento de las partes.

Citan, además, los apelantes, en un alegato adicional, en apoyo de que la Corte de Distrito de Arecibo tenía autoridad para decretar el aseguramiento de la sentencia no obstante habérsele pedido con anterioridad el traslado, las siguientes decisiones de esta Corte Suprema: *Rodríguez* v. *Corte de Distrito*, 31 D.P.R. 694; *United States Casualty Co.* v. *Méndez*, 38 D.P.R. 995, y *Banco Comercial* v. *Registrador*, 40 D.P.R. 343.

Las hemos estudiado y ninguna favorece a los apelantes. El hecho de que en la primera, o sea en la de Rodríguez, se concluyera que la orden de la corte que se dictó después de solicitado el traslado, era nula por otros motivos, sin hacerse referencia a la cuestión de traslado, no implica que esta Corte Suprema resolviera que la corte de distrito tenía autoridad para dictarla no obstante la petición de traslado.

La segunda decisión, o sea la de United States Casualty Co., es más bien adversa a los apelantes. Bastará copiar el resumen: "Un demandado que comparece ante una corte a solicitar el levantamiento de embargo efectuado sobre bienes de su propiedad, renuncia a su derecho a insistir en el traslado del pleito al radicar más tarde moción en tal sentido." El aseguramiento se había decretado al presentarse la demanda, cuando la corte tenía plena autoridad para ello, y si a pesar del traslado solicitado por el demandado la corte pudo considerar válidamente su moción sobre levantamiento del embargo, fué porque se entendió que al pedir el propio demandado a la corte que interviniera como tal en el litigio, se sometió a su jurisdicción y abandonó su solicitud de traslado.

Lo que se resuelve en el tercer caso invocado, Banco Comercial de Puerto Rico, *supra*, es que la corte de distrito puede expedir la orden de embargo de conformidad con la

ley sobre aseguramiento de sentencias, sin necesidad de que haya ya adquirido jurisdicción sobre el demandado en el pleito. Nada tiene ello que ver con la cuestión envuelta en este asunto.

El segundo señalamiento de error es muy confuso. La parte apelada no ha presentado alegato. No hemos, por tanto, tenido el beneficio de su impugnación. Después de un examen cuidadoso de los autos, creemos que la cuestión suscitada nada tiene que ver con este litigio y por eso se comprende que la corte sentenciadora no le diera atención alguna en su relación del caso y opinión.

Según el registro, la finca adquirida por el tercerista Pietri estaba gravada con una hipoteca a favor del Federal Land Bank y con otra a favor de Ceferino Rosario, cedida por éste al demandado Valentín Burgos. Esta última hipoteca que pesaba, al parecer, sólo sobre una mitad de la finca, se dice que fué ejecutada, convirtiéndose el demandado Burgos en dueño de la mitad de la finca a virtud de dicha ejecución.

Por esa simple narración de hechos se ve que el debate planteado por el demandante en este pleito lo fué bajo una base distinta. La sentencia apelada en nada perjudica los derechos que pueda haber adquirido el demandado Valentín Burgos a virtud dé otro gravamen. Lo que el tercerista Pietri alegó y lo que la corte de distrito resolvió fué que la finca adquirida por el tercerista lo fué libre del embargo constituído sobre ella para asegurar la efectividad de la sentencia en el pleito en cobro de pesos seguido por Valentín Burgos contra Gustavo Burgos y su esposa María Ortiz, decidido en favor de Valentín Burgos por sentencia que trató de ejecutar en la finca a base del embargo en ella trabado. Eso es todo.

Tampoco se cometió, pues, el segundo error. Ni el tercero, porque no se ha demostrado que la corte sentenciadora

abusara de su discreción al imponer las costas a los demandados.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf no intervino.