VICENTE USERA, demandante y apelante, *v.* JULIO BENVENUTTI, demandado y apelado; ISABEL TORRES VIUDA DE AMY, interventora y apelada.

No. 6184.—*Sometido:* Junio 2, 1933. *Resuelto:* Julio 18, 1933.

A. *Fiol Negrón,* abogado del apelante; *M. A. Martínez Dávila,* abogado del demandado en el pleito principal; *C. Domínguez Rubio,* abogado de la interventora apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Vicente Usera demandó a Julio Benvenutti en cobro de $1,255.97. Para asegurar la efectividad de la sentencia que pudiera dictarse se embargaron noventa cabezas de ganado pertenecientes al demandado, nombrándose depositario de las mismas a Fernando H. Usera. Ambas partes estipularon la venta del ganado embargado. Llevada a efecto, su importe —$2,295.76—quedó depositado en la secretaría de la corte.

Así las cosas compareció en el pleito Fernando H. Usera y expuso que como depositario del ganado embargado dispuso su cuido en una finca de Vicente Usera a razón de $1.50 mensual por cabeza; que dos cabezas desaparecieron y dos murieron; que por razón del cuido debe a Vicente Usera $1,165.16; que gastó además en un peón $6 y en un auto para asistir a la subasta $10, y que los dichos gastos ($1,181.16) no constituyen costas sino gastos de justicia para la conservación de la propiedad embargada. Pidió a la corte que ordenara al Secretario que del producto de la venta del ganado en él depositado le expidiera un cheque por la suma indicada.

A la moción se opuso el demandado alegando que el depositario no tenía personalidad para comparecer en el pleito y reclamar directamente la indicada suma; que es el demandante Vicente Usera el que está obligado a pagar los gastos del cuido del ganado del demandado embargado a su instancia con derecho a recobrarlos luego si venciere en el pleito; que el depositario no tenía derecho a convenir el precio del cuido sin autorización de la corte; que el cuido no vale $1.50 mensual por cabeza sino $0.75, y que no se ha acreditado la pérdida de las cabezas de ganado que se indican.

Isabel Torres Viuda de Amy pidió intervenir alegando tener interés en el asunto por haber embargado el excedente que pudiera resultar en el valor del ganado después de cubierta la responsabilidad a que se le había sujetado en el pleito y porque tiene establecida una tercería de mejor derecho contra el propio demandante Usera y en ella reclama su preferencia a cobrar antes que Usera del propio ganado

embargado por éste. Se le concedió la intervención y se opuso a la moción del depositario por razones similares a las aducidas por el demandado Benvenutti.

Sigue luego una moción del demandante pidiendo el señalamiento de vista de varios incidentes entre ellos del que venimos relatando y a continuación la resolución de la corte que, con respecto a este incidente, es como sigue: "... la moción sobre pago de gastos por cuido de ganado, se declara sin lugar, con las costas al promovente; ....."

La resolución dice fundarse en una opinión que no se incluye en la transcripción. Termina ésta con el escrito de apelación del demandante y del depositario y con una exposición del caso de dos páginas de la cual copiamos los dos párrafos que siguen:

"Que señalada para vista y discusión dicha moción, se opusieron a ella tanto el demandado Julio Benvenutti como la interventora Isabel Torres Vda. de Amy por sus respectivos abogados M. Martínez Dávila y C. Domínguez Rubio.

"La Corte declaró sin lugar la moción del depositario judicial y contra la misma se ha establecido por el demandante y depositario judicial apelación para ante la Corte Suprema de Puerto Rico."

Se pidió la desestimación del recurso y pendiente aún de resolverse la moción, se celebró la vista del recurso en su fondo.

██ En ninguna parte de los autos consta por qué se declaró sin lugar la moción de que se trata. Los hechos en que la moción se basa fueron controvertidos y requerían prueba. No sabemos en qué consistió ésta. De la exposición del caso no aparece siquiera que fuera presentada. Bajo esas circunstancias bastaría decir que la presunción de justa que tiene la resolución de la corte no ha sido destruída, debiendo en su consecuencia declararse sin lugar la apelación.

Es en el alegato de la interventora Isabel Torres Viuda de Amy que encontramos el motivo que tuvo la corte para

dictar la resolución apelada. En él se transcribe una parte de la opinión que dice:

"La segunda de las cuestiones planteadas comprende la petición para el pago de ciertos gastos por cuido de ganado, presentada por el depositario de los mismos. En cuanto a esta cuestión, somos de opinión que la petición es actualmente prematura, ya que dependiendo el pago de los gastos y desembolsos que han de hacerse en este caso, de la sentencia final que deba dictarse en el mismo, hasta que por esta Corte no se resuelva por dicha sentencia quién debe pagar dichos gastos y desembolsos, no habría términos hábiles actualmente para condenar a nadie al pago de los mismos; entendiendo por otra parte que las relaciones contractuales establecidas entre el demandante Vicente Usera y el depositario de los bienes embargados, Sr. Fernando H. Usera, no pueden afectar en modo alguno actualmente al demandado Julio Benvenutti, que es un tercero y que no está obligado a nada en este caso, ínterin no se dicte sentencia en el mismo contra él, condenándole al pago de las cantidades reclamadas con los gastos y desembolsos a que haya dado origen la presente acción."

Es lógica la regla establecida por la corte de distrito. Quizá no puede aplicarse para resolver todos los casos (*Rodríguez* v. *Corte de Distrito*, 31 D.P.R. 694), pero aplicada a éste resulta justa en verdad, ya que la persona a quien dice el depositario que debe el importe del cuido del ganado embargado es el propio demandante a cuya instancia se decretó y practicó el embargo a fin de asegurar la sentencia que pudiera dictarse a su favor en el litigio.

*Debe confirmarse la resolución apelada.*