Luis C. Pietri, Plaintiff and Appellee, *v.* Valentín Burgos et al., Defendants and Appellants; and María Ortiz, Defendant and Appellee.

No. 5120. Argued November 26, 1930.—Decided April 17, 1931.

*José E. Díaz* and *V. Polanco de Jesús* for appellants. *Luis Llorens* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an intervention proceeding instituted by Luis C. Pietri against Valentín Burgos Santos, Gustavo Burgos Santos, and María Ortiz. The district court rendered judgment in favor of the intervener, and the defendants in the proceeding, Valentín and Gustavo Burgos, appealed from that judgment to this Court.

It appears from the record that Valentín Burgos had brought an action of debt in the District Court of Arecibo against the other defendants in the said proceeding, Gustavo Burgos and his wife, María Ortiz. There were serious differences between the defendant spouses, who lived apart. The wife was residing in San Juan and moved for a change of venue to the district court of her residence, which motion was filed in said District Court of Arecibo on May 5, 1926, together with a demurrer to the complaint and an affidavit of merits.

On June 21, 1926, while the motion for a change of venue

was pending, the plaintiff moved for an attachment to secure the effectiveness of any judgment that might be rendered, which was ordered by the court three days later, and the property claimed in the intervention proceeding was accordingly attached.

On August 11, 1926, the District Court of Arecibo granted a change of venue to the District Court of San Juan. The latter court then proceeded with the case and finally rendered a judgment in favor of the plaintiff on two of the causes of action stated, and adjudged the defendant to pay to the plaintiff two claims for one thousand dollars each, with interest and costs.

In the execution of the above judgment a public sale of the attached property was advertised for September 11, 1928, and it was then that the intervention proceeding was brought by Pietri, who alleged that he had purchased the property from its owner, María Ortiz, on March 26, 1928, by a public deed duly recorded in the registry of property, free from any attachment.

The defendants in intervention, Burgos, answered. The other defendant failed to plead, and her default was entered. The case went to trial, evidence for both sides was heard and the court, on the ground that the attachment decreed by the District Court of Arecibo was void, rendered judgment for the interveners, with costs.

The appellants in their brief have assigned three errors, one of which goes to the root of the controversy, namely, the nullity mentioned; another refers to a certain fact occurring subsequent to the pleadings; and the last relates to the imposition of costs.

There is no doubt that the intervener acquired from its lawful owner the property in question, which is a parcel of land measuring eighty-four acres (*cuerdas*), located in the ward of Toro Negro, Cialitos, in the municipal district of Ciales. Nor is there any doubt that according to the registry

he acquired the said property apparently subject, among other liens, to the above-mentioned attachment, decreed by the District Court of Arecibo.

However, the intervener advanced the contention, which was sustained by the district court, that the said lien was apparent but not real, as the same had been recorded by virtue of an order made without jurisdiction and hence without any legal force.

So it is, indeed. In *Ramos* v. *Lloveras*, 36 P.R.R. 616, 630, this Court, speaking through Mr. Justice Hutchison, said:

"Turning again to I Sutherland, *supra*, at page 603, section 1000, as pointed out by appellant, the author, citing Brady v. Times Mirror Co., 106 Cal. 56, and Nolan v. McDuffie, 125 Cal. 334, says:

" 'A motion for the change of the place of trial intercepts all judicial action in the case, and suspends the power of the court to act upon any other question until the motion has been determined. Pending the hearing of the motion and until it is passed upon, the court has no jurisdiction to hear and determine any demurrer to the complaint, and its order made in passing upon the same is a nullity. If the motion should be granted, the defendant is entitled to have the demurrer passed upon in the county to which the change is to be made'."

Previously, in *Successors of Abarca* v. *Nones et al.*, 30 P.R.R. 810, 812, it had said:

"A motion for a change of venue presents to the court the question that it has no jurisdiction of the action because another court has such jurisdiction, and for this reason the court in which such a motion is made is without power to decide any other question until the motion for a change has been ruled on, for if the defendants have a right to a change of venue, it is also their right that any motion or proceeding in the action shall be ruled upon by the court of their residence; therefore, the order appealed from was erroneous in holding that the plaintiffs had abandoned their action against Luis Lorenzi without having first ruled on the motion of the defendants for a change of venue."

This is a clear question. When the plaintiff moved the District Court of Arecibo to secure the effectiveness of any judgment that might be rendered in the action, and the court decreed the attachment, the defendant Ortiz had already filed a motion for a change of venue, which was eventually granted. Therefore, that court had no jurisdiction to decide any other question than that of the venue, and the order made to secure the effectiveness of the judgment and the attachment levied by virtue thereof have no legal force. This being so, it must be concluded that, when Pietri acquired the property, the same was not burdened by the attachment on which was based the notice for a public sale in execution of the judgment entered against its former owner. There was no legal connection between the property and the plaintiff in the action of debt, Valentín Burgos. The former owner of the property had sold it to the intervener, Pietri, who acquired the same free from the said attachment. The lower court did not err in so ruling; on the contrary, it decided correctly the question submitted for its determination.

The appellants in their brief attack on the merits the change of venue ordered in the action of debt. This comes too late. They had an opportunity to appeal but failed to avail themselves of it. No jurisdictional question which could be raised regardless of the consent of the parties is involved.

The appellants in a supplemental brief, in support of the contention that the District Court of Arecibo had jurisdiction to order the attachment notwithstanding the pendency of the motion for a change of venue previously filed, cite the following decisions of this Court: *Rodríguez* v. *Dist. Court of San Juan,* 31 P.R.R. 659; *U. S. Casualty Co.* v. *Méndez,* 38 P.R. R. 895; and *Banco Comercial* v. *Registrar,* 40 P.R.R. 329.

We have considered the cited cases and none of them favors the appellants. The fact that in *Rodríguez* v. *Dist. Court, supra,* it was held that the order of the court, entered

subsequent to the filing of a motion for a change of venue, was void on other grounds, no reference being made to the change of venue, does not mean that this Supreme Court concluded that the district court had jurisdiction to enter such an order notwithstanding the motion for a change of venue.

The decision in *U. S. Casualty Co.* v. *Méndez, supra,* is rather adverse to the contention of the appellants herein. It will suffice to transcribe the following from the syllabus of that case: "A defendant who comes into court to have his attached goods released waives his right to insist on a change of venue when the motion therefor is filed later." There the order of attachment was made when the court had full authority therefor, and if, notwithstanding the motion of the defendant for a change of venue, the court could validly consider his motion for a dissolution of the attachment, the reason was that it was concluded that the defendant, in moving the court to act as such in the litigation, had submitted to its jurisdiction and waived his motion for a change of venue.

The holding in the case of *Banco Comercial* v. *Registrar, supra,* was that a district court may decree an attachment, in accordance with the Act to secure the effectiveness of judgments, without first acquiring jurisdiction over the person of the defendant in the action. This has nothing to do with the question involved in the present case.

The second error assigned is quite vague. The appellee has not filed a brief and, therefore, we have not had the benefit of his argument. After a careful consideration of the record, we think that the question raised has nothing to do with this litigation, and this seems to be the reason why the trial court failed to consider it in its statement of the case and opinion.

According to the registry, the property acquired by the intervener, Pietri, was encumbered by a mortgage in favor of

the Federal Land Bank and by another in favor of Ceferino Rosario, assigned by the latter to defendant Valentín Burgos. The latter mortgage, which apparently affected only one-half of the property, is alleged to have been foreclosed, defendant Burgos acquiring one-half of the said property by virtue of such foreclosure.

From a mere recital of the above facts it may be seen that the intervener based his claim herein on a different ground. The judgment appealed from does not prejudice at all any rights that defendant Valentín Burgos may have acquired by virtue of another lien. What the intervener Pietri alleged and the court held was that he had acquired the property free from the attachment levied thereon to secure the effectiveness of the judgment in the action of debt prosecuted by Valentín Burgos against Gustavo Burgos and his wife, María Ortiz, decided in favor of Valentín Burgos by a judgment, which the latter attempted to execute on the basis of the attachment ordered therein; that was all.

Therefore, the second error was not committed either. Similarly as to the third error, since it has not been shown that the trial court abused its discretion in imposing costs on the defendants.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.