[No. 15870. In Bank.—December 20, 1894.]

JOHN C. HENNESSY, PETITIONER, v. JOHN W. NICOL, JUDGE, ETC., RESPONDENT.

CHANGE OF PLACE OF TRIAL—DUTY OF COURT—HEARING OF APPLICATION—DISCRETION—TERMS.—Where the action is one which, under section 395 of the Code of Civil Procedure, the defendant is entitled to have tried in the county of his residence, if proper application for the change is made, it is the duty of the court to grant it, and the court has no discretion to refuse to hear the application, or to impose terms as a condition precedent to the hearing.

ID.—ACTION FOR ALIMONY—MOTION FOR TEMPORARY ALIMONY—DEMAND FOR CHANGE OF VENUE—RIGHTS OF PARTIES—ILLEGAL CONDITION OF HEARING.—A right to a change of the place of trial is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action; and the plaintiff in an action for alimony has no right to have a motion for temporary alimony, pending at the time of a demand for a change of the place of trial, first heard before the demand is passed upon, and the court has no right to make a compliance with an order awarding such alimony a condition precedent to the hearing of the application to change the place of trial.

ID.—UNAUTHORIZED ORDER AWARDING ALIMONY—CONTEMPT OF COURT.—An order awarding alimony, after a change of the place of trial has

been properly demanded by the defendant, is unauthorized, and the defendant is not in contempt of court for not paying the alimony thus awarded.

ID.—SERVICE OF ORDER.—Before a party can be brought into contempt for not complying with an order of court such order must be served upon him.

ID.—MANDAMUS—HEARING OF MOTION TO CHANGE VENUE.—A writ of mandate will issue from the supreme court to compel a superior judge to hear and determine a motion made in an action pending in his court for a change of the place of trial of the action to the place of residence of the defendant.

APPLICATION in the Supreme Court for a writ of mandate to the judge of the Superior Court of Tuolumne County.

The facts are stated in the opinion.

*Clement, Cannon, Kline & Stradley,* for Appellant.

*F. P. Otis,* for Respondent.

BELCHER, C.—This is an application for a writ of mandate commanding the respondent, as judge of the superior court of Tuolumne county, to hear and determine a motion made in an action pending in his court for a change of the place of trial of said action.

The facts upon which the application is based are as follows: On June 1, 1894, Cornelia Hennessy commenced an action in the superior court of Tuolumne county against John C. Hennessy, the petitioner here, alleging that the parties to the action were married on July 4, 1889, in said county, and had ever since been, and still were, husband and wife; that from the time of their marriage they continued to live and cohabit together as husband and wife in this state until June 21, 1891, when the defendant willfully and without cause deserted the plaintiff, and had ever since refused to live with her, or to provide a home for her, or to allow her to return to him; that in November, 1891, a son, the issue of the marriage, was born, and that since the said separation the defendant had refused and neglected to pay or contribute any thing towards the support of

plaintiff or the said child; that defendant had an income sufficient to pay plaintiff a reasonable sum for the support of herself and child, and that forty dollars per month was a reasonable sum for such support. And the prayer was that defendant be adjudged to pay plaintiff for permanent support and maintenance of herself and child the sum of forty dollars per month, besides the costs and counsel fees in the action.

The summons in the action was served upon the defendant in the city of San Francisco on June 11th, and at the same time notice, with an affidavit of plaintiff, was served upon him, stating that on June 29th, at 10 o'clock A. M., counsel for plaintiff would move the court for an order requiring the defendant to pay her the sum of two hundred dollars as alimony *pendente lite,* and for costs.

On June 23d the defendant served and filed a notice that on June 29th, at 10 o'clock A. M., he would move the court for an order changing the place of trial of the action to the superior court of the city and county of San Francisco, upon the ground that at the time of the commencement thereof he was a resident of the said city and county. And at the same time he also served and filed a demurrer to the complaint, a demand that the place of trial be changed from the county of Tuolumne to the city and county of San Francisco, and his affidavit stating that he then was, and for more than three years had been, a resident of said city and county, and also stating in proper form that he had a good defense to the action on the merits.

On June 29th the cause was continued by consent. On July 17th counsel for plaintiff moved the court that the motion for alimony be heard before the motion for change of the place of trial. This motion was submitted and taken under advisement until August 6th, when it was granted. The motion for alimony was heard August 11th, and thereupon an order was made and entered that the defendant pay to the plaintiff forthwith the sum of one hundred and fifty dollars as alimony *pendente lite.*

A certified copy of this order was served on the defendant in San Francisco on August 24th.

On August 14th counsel for defendant called up the motion to change the place of trial, and it was ordered that the matter be continued until the 17th. On the last-named day counsel for defendant renewed the motion, and counsel for plaintiff objected to the hearing of it, upon the ground that the alimony ordered had not been paid. It was admitted that the alimony had not been paid, and thereupon " the court ordered that the said objection be, and the same is hereby, sustained, and the court refuses to hear said motion until the order granting alimony *pendente lite* is complied with."

We think the court erred in refusing to hear and decide upon the defendant's motion for change of venue. The action was one which, under section 395 of the Code of Civil Procedure, the defendant was entitled to have tried in the county of his residence. And, when proper application for the change was made, the court had no discretion to refuse to hear the motion, or to impose terms as a condition precedent to the hearing.

In *Watts* v. *White,* 13 Cal. 324, it is said: "The party desiring a change of venue should move the court to change the place of trial, and then the court, in the proper case, has no discretion to refuse the motion. It seems to be made by the statute a matter, in such cases as this, of peremptory right."

In *Watkins* v. *Degener,* 63 Cal. 500, it is said: "When the action is not one of those mentioned in sections 392 and 393 of the Code of Civil Procedure, and the defendant resides without the county where it has been commenced, it is the right of the defendant, upon satisfying the court of his residence, to have the place of trial changed, if, at the time he appears and answers or demurs, he files an affidavit of merits and demands in writing that the trial be had in the proper county."

And in *Ah Fong* v. *Sternes,* 79 Cal. 33, it is said that the right to a change of the place of trial "is to be de-

termined by the condition of things existing at the time the parties claiming it first appeared in the action."

Under the law as thus declared the plaintiff had no right to have her motion for temporary alimony first heard, and the court had no right to make a compliance with the order awarding such alimony a condition precedent to the hearing of defendant's motion.

It is claimed for respondent that the defendant was not entitled to have his motion heard when it was called up on August 17th, for the reason that he was then in contempt of court, because he had not paid the alimony awarded the plaintiff, and ordered to be paid by him forthwith. This claim cannot be sustained. The defendant was not in contempt of court for two reasons: 1. Under the circumstances shown, the order awarding alimony was unauthorized; and 2. "Before a party can be brought into contempt for not complying with an order of court, such order must be served upon him." (*Johnson* v. *Superior Court*, 63 Cal. 580.) The order was not served on defendant until August 24th, while his motion was denied on the 17th.

It follows, in our opinion, that the defendant was entitled to have his motion for change of venue heard, and that a peremptory writ of mandate should be issued commanding the respondent to immediately hear and decide the same.

Searls, C., and Temple, C., concurred.

For the reasons given in the foregoing opinion it is ordered that a peremptory writ of mandate be issued from this court, commanding the respondent to immediately hear and decide the defendant's motion for change of the place of trial of the action referred to.

Harrison, J.,        Garoutte, J.,
De Haven, J.,        Fitzgerald, J.,
McFarland, J.,       Van Fleet, J.