[No. 19381. In Bank.—February 1, 1895.]

MARY BRADY, RESPONDENT, *v.* THE TIMES-MIRROR COMPANY, ET AL., APPELLANTS.

ACTION AGAINST CORPORATION—LIBEL—PLACE OF TRIAL—PARTIES—WAIVER OF RIGHT.—Under section 16 of article XII of the constitution an action against a corporation for the publication of a libel against the plaintiff in a newspaper circulated in the county of the plaintiff's residence, but published by the corporation in the place in which its principal place of business is located, may be brought and tried in the county of the plaintiff's residence if the corporation is sued alone; but by including in the action other defendants, whose residence is outside of the county in which the action is brought, the plaintiff waives the right given by the constitution, and the motion of the defendants for a change of the place of trial must be determined by the provisions of the statute.

ID.—CHANGE OF PLACE OF TRIAL—AMENDMENT OF PLEADING—RIGHTS OF DEFENDANTS.—The defendants have a right to have their motion for a change of venue determined upon the pleadings as they stand at the time of the motion, and it is the duty of the court to hear and determine the motion for change of venue before taking any other judicial action in the case, and it cannot, after the motion is made, defeat it by allowing an amendment of the complaint striking out other defendants who were joined as such at the time of the making of the motion.

ID.—SUSPENSION OF POWER OF COURT.—A motion for the change of the place of trial intercepts all judicial action in the case, and suspends the power of the court to act upon any other question, until the motion has been determined.

DISMISSAL OF ACTION—JUDGMENT OF DISMISSAL—PENDENCY OF ACTION.—
    An action may be dismissed by the plaintiff upon the payment of costs
    by entry in the clerk's register; but, until a judgment of dismissal is
    entered, the action is still pending against the defendant.

APPEAL from an order of the Superior Court of San Diego County denying a motion for a change of venue.

The facts are stated in the opinion of the court.

*Henry T. Gage*, and *Stephen M. White*, for Appellants.

*Z. Montgomery & Son*, for Respondent.

HARRISON, J.—Appeal from an order denying a motion to change the place of trial.

The plaintiff commenced this action in the county of San Diego to recover damages from the defendants for the publication of a libel against her in the *Los Angeles Times*, a newspaper which was circulated in the county of San Diego. The Times-Mirror Company is a corporation having its principal place of business in the county of Los Angeles, and is the proprietor and publisher of the newspaper, and the defendant Otis is the chief editor and general manager thereof, and also resides in the county of Los Angeles. The summons in the action was served on these defendants on the 20th of July, 1893, but on the 8th of August, before any appearance by them, the plaintiff filed an amended complaint. August 18th the defendants demurred to the amended complaint, and at the same time filed an affidavit of merits, and made demand in writing for a change of the place of trial to the county of Los Angeles. After the motion had been argued, and while it was under consideration, the plaintiff moved the court for leave to amend her complaint by dismissing the said action against the defendants Goodwin and Otis, and the court, after hearing counsel for defendants in opposition thereto, granted the motion, and the amendment was entered in the minutes of the court. Thereupon the court denied the motion of the defendants to change the place of trial. From this order they have appealed.

Section 395 of the Code of Civil Procedure gives to the defendant, in any personal action other than those enumerated in the previous sections, the right to have the action tried in the county of his residence, and the residence of a corporation is the county in which its principal place of business is located. (*Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488; *McSherry* v. *Pennsylvania etc. Min. Co.*, 97 Cal. 643.) Section 16 of article XII of the constitution provides that "A corporation or association may be sued in the county where the contract is made, or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases." Under the provisions of this section, if the action had been brought against the Times-Mirror Company alone, the plaintiff's right to have the action tried in San Diego would be undoubted (*Lewis* v. *South Pac. Coast R. R. Co.*, 66 Cal. 209); but by including in the action other defendants, whose residence is outside of the county of San Diego, she waived the right given by this provision of the constitution, and the motion of the defendants must be determined by the provisions of the statute. The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception. Section 392 of the Code of Civil Procedure provides that an action to recover a penalty imposed by statute shall be tried in the county where the cause of action arose; but it was held in *Ah Fong* v. *Sternes*, 79 Cal. 30, that if in such an action the complaint is so ambiguous that it might be held to include a claim for other damages, or as stating another cause of action, the defendant is entitled to have the place of trial changed to the county of his residence, the court saying: "It is the plaintiff's own doing if the complaint be so drawn. He cannot deprive the defendant of his right to a change of

venue by the addition of something to his complaint. If this were not the rule it would be very easy for a plaintiff to defeat the defendant's right in the matter. All that plaintiff would have to do would be to add another cause of action to his complaint. It need not be a genuine cause of action, and it would not matter whether the two causes of action were properly united or not, for the defendant could not compel their separation by demurrer before moving for a change of venue, because he is required to take his proceedings for such change at the time of answering or demurring." In *Smith* v. *Smith*, 88 Cal. 576, it was held that, if in an action affecting the title to real estate, the plaintiff also included in his complaint a personal action against the defendant, the defendant was entitled to have the action tried in the county of his residence. In *Sayward* v. *Houghton*, 82 Cal. 628, it was held that the plaintiff could not deprive the defendant of this right by merely joining with him, as defendants in the action, residents of the county in which the action is brought, against whom no cause of action was stated or from whom no relief was demanded. The same rule was laid down in *Remington S. M. Co.* v. *Cole*, 62 Cal. 318; *McKenzie* v. *Barling*, 101 Cal. 461; *Bailey* v. *Cox*, 102 Cal. 333.

In the original complaint herein one Frank A. Stevens was made a codefendant with the appellant, but the only allegation with reference to him in the complaint is that he " at all times was and is a San Diego correspondent of said newspaper, residing in said county of San Diego" ; and it is recited in the bill of exceptions that the amended complaint is " in the same form as the original complaint, save and except that Leonard Goodwin was substituted as a defendant in said action in place of Frank A. Stevens." It appears from the affidavit of Otis that Goodwin resides in the state of Nebraska, but whether this is to be regarded as referring merely to the date of the affidavit, as claimed by the respondent, is immaterial, since the above allegation in the complaint in no respect connects him

with the plaintiff's cause of action any more than if it had been alleged that he was a subscriber to the paper; and, as Goodwin has never been served with the summons or appeared in the action, the motion of the defendants must be tested upon other grounds than that of his having been named as a party defendant. (*Sayward* v. *Houghton, supra; McKenzie* v. *Barling, supra.*) Upon the complaint as it stood by this amendment the motion of the defendants should therefore have been granted.

It is claimed, however, by the respondent that, inasmuch as subsequent to the making of this motion the complaint was further amended under an order of the court by which the corporation became the sole defendant, the plaintiff has the same right, by virtue of the foregoing section of the constitution, to have the cause tried in the county of San Diego, as if the action had been originally brought against the corporation alone. Whether the Times-Mirror Company would have been entitled to have the place of trial changed to Los Angeles county, if the plaintiff in amending her complaint as "of course," under section 472 of the Code of Civil Procedure, had left out all the other defendants, need not be considered. (See, however, *Buell* v. *Dodge,* 57 Cal. 645.) In making that amendment she retained both of the appellants in the case, and afterward sought from the court an order granting leave to further amend the complaint by dismissing Otis and Goodwin from the action after the appellants had made the present motion. This was a step in the proceedings which required judicial action to determine whether it should be permitted, and which could be taken only after an order of the court to that effect had been made. The motion therefor was made to the court, and, although resisted by the appellants, was granted by an order entered in its minutes.

When the defendants made their motion to change the place of trial it was the duty of the court to act upon that motion, and either grant or deny it before

taking any other judicial action in the case. In *Heald*
v. *Hendy*, 65 Cal. 321, it was held that the court could
not postpone action upon the motion until after an
answer was filed, and the plaintiff had an opportunity to
make a cross-motion for the convenience of witnesses;
and in *Hennessy* v. *Nicol*, 105 Cal. 138, where a motion
for alimony had been made prior to the appearance of
the defendant, and where upon his appearance a motion
was made by him for a change of the place of trial, it
was held that the plaintiff had no right to have the mo-
tion for alimony first heard, and that the court had no
authority to postpone the hearing of the defendant's
motion until after a compliance with its order for the
payment of alimony. The statute requires the motion
to be made "at the time" the defendant appears and
answers or demurs. If he does not then make the mo-
tion he is not entitled to make it at any subsequent
stage of the proceedings, even though the condition of
the case may be such that if it could be then made it
would be granted. (*Remington S. M. Co.* v. *Cole*, 62 Cal.
318.) This necessarily implies that the motion must
be made and determined by the court before it can hear
or determine any other motion in the case. If the de-
fendants are entitled to have their motion granted they
are entitled to have every motion or proceeding in the
case heard before the superior court of the county of
their residence. After the motion for a change of the
place of trial had been made it was not competent for
the court to entertain or make an order for the amend-
ment of the complaint in the matter of parties, any
more than in the matter of substantive averments. If,
upon the case as it was then presented, the defendants
were entitled to have their motion granted, they are en-
titled to have all judicial action in the cause determined
in the superior court of their own county. Whether
the plaintiff is desirous to amend his complaint so as to
obviate the objections that may have been pointed out
by demurrer, or in other respects that may render it
impervious to attack, if such amendment can be made

only upon the leave of the court, he must wait until after the case has been transferred, and make his application to that tribunal.   This motion intercepted all judicial action in the case, and suspended the power of the court to act upon any other question until it had been determined.   (*Ah Fong* v. *Sternes, supra.*)

The action of the plaintiff was not taken in accordance with section 581 of the Code of Civil Procedure, as suggested in the brief in behalf of the respondent. Under the first subdivision of that section an "action" may be dismissed by the plaintiff upon the "payment of costs," if it is made "by entry in the clerk's register"; but until a judgment of dismissal is entered the action is still pending against the defendant.   (*Page* v. *Page*, 77 Cal. 83.)   None of the steps prescribed by this section were taken in the present case.   Instead thereof, the court made an order directing the plaintiff to amend her complaint.

The order is reversed.

McFARLAND, J., GAROUTTE, J., TEMPLE, J., VAN FLEET, J., and HENSHAW, J., concurred.