[L. A. 496. Department One.—July 11, 1899.]

M. J. NOLAN et al., Respondents, v. M. B. McDUFFIE, Appellant.

CHANGE OF PLACE OF TRIAL—NONRESIDENT DEFENDANT—AFFIDAVIT OF MERITS.—A nonresident defendant in an action to recover money, who, at the time of filing a demurrer to the complaint, filed a proper demand for the change of the place of trial to the county of his residence, and an affidavit of merits, show-

ing the county of his residence, and that he has "fully and fair-
ly stated the case in this cause" to his attorneys, naming them,
and that, after such statement, he is by each of them advised,
and verily believes, that he has "a good and substantial defense
on the merits to said action," makes a sufficient showing of
merits to entitle him to the change demanded.

ID.—DEMURRER TO COMPLAINT—JURISDICTION OF COURT—INVALID
ORDER.—Pending the hearing of a motion for the change of the
place of trial by a nonresident defendant, and until it is passed
upon, the court has no jurisdiction to hear and determine a de-
murrer to the complaint; and its order made in passing upon
the same is a nullity. If the motion should be granted, the
defendant is entitled to have the demurrer passed upon in the
county of his residence.

APPEAL from an order of the Superior Court of Los An-
geles County refusing to change the place of trial.   Waldo M.
York, Judge.

The facts are stated in the opinion.

C. A. Storke, Richards & Carrier, and Hatch, Miller & Brown,
for Appellant.

W. R. Bacon, for Respondents.

CHIPMAN, C.—Action brought in Los Angeles county to
recover commissions on sale of real property by plaintiffs as
agents of defendant.   Complaint was filed May 24, 1897.   The
matter is here on appeal from an order denying defendant's mo-
tion for change of place of trial to Santa Barbara county.   The
proceedings as they appear from the transcript were as follows:
On June 15, 1897, defendant made an affidavit of merits, and
on the same day signed a demand directed to plaintiffs' attor-
neys that the place of trial be changed, and on the same day
defendant's attorneys signed a notice directed to plaintiffs' at-
torneys stating that defendant would, on June 30, 1897, at 10
o'clock A. M., or as soon thereafter as counsel could be heard,
move for a change of the place of trial, and that the motion
would be heard "upon affidavits, copies of which are herewith
served upon you, and upon the demand to change the place
of trial and the papers on file in the case," et cetera.   Defendant
also, on the same day, served upon plaintiffs' attorneys a gen-
eral demurrer to the complaint.   These papers were all duly
served on plaintiffs' counsel and filed.   "On the twenty-eighth
day of June, 1897, said demurrer came on regularly to be

heard on the law and motion calendar of said court, and the same, being called for argument, was answered ready by plaintiffs' counsel, the defendant not being present nor consenting to the hearing, and the court, having no knowledge of demand for change of place of trial, took up said demurrer and complaint and passed upon the same, sustaining said demurrer on said twenty-eighth day of June, 1897." It appears, also, that on the thirtieth day of June, 1897, the hearing of defendant's demand for change of place of trial "came on for hearing before said court, and the court, being of the opinion that the affidavit of merits was insufficient, granted defendant leave to amend the same, and the further hearing of the matter was continued until July 14, 1897, at which time the defendant filed the following amended affidavit of merits." Then follows this affidavit. It appears that the matter came on for hearing again on July 14, 1897, the day fixed by the court, when defendant's motion was denied on the grounds: 1. That the first affidavit of merits was insufficient, but in what respect is not shown; and 2. "That the demurrer heretofore filed in said cause by said defendant had been passed on by the court and sustained, and the application for a change of venue came too late." Defendant appeals from the order denying his motion. Respondents have filed no brief.

The affidavit first served stated as follows: "I reside in the county of Santa Barbara, state of California, and have so resided for more than five years last past. I further say that I have fully and fairly stated the case in this cause to (naming his attorneys), and after such statement I am by them and each of them advised and verily believe that I have a good and substantial defense on the merits to the said action." This affidavit was sufficient. (*Watkins v. Degener*, 63 Cal. 500; *Buell v. Dodge*, 63 Cal. 553.) The motion to change the place of trial was pending when the demurrer was passed upon, of which plaintiffs' counsel had notice. The absence of defendant's counsel on law day, when the demurrer was called, did not authorize the court to hear the demurrer. It was the duty of the court to hear and determine the motion before it could hear or determine the demurrer, and, if the defendant had been found to

be entitled to have his motion granted, it was the right of defendant to have all other judicial action in the cause determined in the superior court of his own county. The court had no power to act upon the demurrer when it did (*Brady v. Times Mirror Co.*, 106 Cal. 56); and its order in that regard is a nullity.

I advise that the order denying defendant's motion be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order denying defendant's motion is reversed.

Garoutte, J., Van Dyke, J., Harrison, J.