[Civ. No. 2056.    Third Appellate District.—October 30, 1919.]

LEYLA M. WALSH, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY and CHARLES O. BUSICK, Judge Thereof, Respondents.

[1] DIVORCE—MOTION FOR COUNSEL FEES AND COSTS—PENDENCY OF MOTION FOR CHANGE OF VENUE.—The plaintiff in an action for divorce is not entitled to have her motion for counsel fees and costs acted upon and determined while there is pending and undetermined a motion for a change of the place of trial to the residence of the defendant.

PROCEEDING in Mandamus to compel the Superior Court of Sacramento County and Charles O. Busick, Judge thereof, to act upon and determine a motion for counsel fees and costs.    Writ discharged.

The facts are stated in the opinion of the court.

Irving D. Gibson for Petitioner.

Guy P. Johnson and John A. McGilvray for Respondents.

BURNETT, J.—On August 16, 1919, petitioner Leyla M. Walsh filed in the superior court of Sacramento County a complaint for a divorce against her husband, Earnest E. Walsh.    On September 16th the defendant appeared in the action and filed a general demurrer to the complaint, a demand for a change of the place of trial, with an affidavit of merits and of his residence in the county of Butte.    At the same time the defendant filed in the court a written instrument purporting to be a motion for said change of the place of trial, referring therein to the fact that said demand and affidavit were filed therewith, and averring that he had "served upon the opposing counsel notice of this motion, which said notice sets forth that this motion will be called for hearing on the twenty-ninth day of September."    A copy of this instrument was served on the same day on the attorney for plaintiff.    On the following day, September 17th, plaintiff in said action served upon the attorney for the defendant a notice in writing that on Monday, the twenty-second day

of September, she would present a motion to said superior court "for an order awarding and allowing her, as such plaintiff, the sum of one hundred dollars as a reasonable and just sum with which to pay and defray the fees of her attorney for prosecuting said action and the further sum of twenty dollars" for other costs. This application came on for hearing on said date, whereupon defendant, through his attorneys, objected to its consideration by the court for the reason that there was pending and undetermined said motion for a change of venue. Thereupon the court, after reciting said objection made by the defendant and the fact that the other motion was pending before said court, "ordered that said objection of defendant to the hearing of said motion be and it is hereby sustained, and that said motion of plaintiff made before this court on said twenty-second day of September, 1919, for the payment of counsel fees and costs be and it is hereby abated until after the motion for change of place of trial has been heard and determined, upon the ground that the power of this court to hear or consider said motion for counsel fees and costs is suspended because of the filing herein by said defendant of said affidavit, demand, and notice of motion for the change of place of the trial of said action from Sacramento to Butte County, filed herein on September 16, 1919; that defendant is entitled to have all judicial action in the case determined by the superior court of the proper county."

[1] We are satisfied that the decision of the lower court was entirely proper. If the defendant was entitled to have a change of the place of trial, as he claimed, it was his right to have the court of his place of residence determine every judicial question involved in the action. It is true that the court had not passed upon the merits of his motion and the time had not arrived for its determination, but he had made his demand and given notice of the hearing thereof even before petitioner herein had taken any steps to secure an order for said allowance. While it may not be entirely accurate to say that the court thereby lost jurisdiction to consider any other motion, it is at least true that the court pursued the course that is required by the law and the decisions in this state. Even in those cases in other states wherein it is held that the mere filing of an application for a change of venue does not affect the jurisdiction of the court where the action

is pending and that the adverse party, if there be no stay, may proceed, it is declared "he does so at the risk of having the proceedings set aside in case the application is granted." But in other cases, as pointed out in 40 Cyc. 154, "it has been held that the application operates as a *supersedeas* or stay of proceedings, and that it must be disposed of before any other step can be taken, and that if the case is one where the applicant is entitled to a change of venue as a matter of right the court has no jurisdiction except for the purpose of granting the change." But we are not concerned with the exact technical phraseology of the situation, although it must be said that the appellate courts of this state have gone so far as to hold that under such circumstances jurisdiction to make any previous order does not exist. At any rate, there can be no doubt that the order of the lower court is entirely justified by the decisions of our supreme court, to a few of which specific attention may be directed.

In *Hennessy* v. *Nicol*, 105 Cal. 138, [38 Pac. 649], the holding is summed up in the syllabus as follows: "A right to a change of the place of trial is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action; and the plaintiff in an action for alimony has no right to have a motion for temporary alimony, pending at the time of a demand for a change of the place of trial, first heard before the demand is passed upon, and the court has no right to make a compliance with an order awarding such alimony a condition precedent to the hearing of the application to change the place of trial."

It is to be observed that in the Hennessy case the notice for the hearing of the motion for temporary alimony was given days before the defendant made his demand or gave notice of his motion for a change of the place of trial, and yet the supreme court held that the trial judge had no right to consider the former motion until disposition had been made of the latter.

In *Brady* v. *Times-Mirror Co.*, 106 Cal. 56, [39 Pac. 209], it is said: "The statute requires the motion to be made 'at the time' the defendant appears and answers or demurs. If he does not then make the motion he is not entitled to make it at any subsequent stage of the proceedings, even though the condition of the case may be such that if it could be then made it would be granted. (*Remington S. M. Co.* v. *Cole*,

62 Cal. 318.) This necessarily implies that the motion must be made and determined by the court before it can hear or determine any other motion in the case. If the defendants are entitled to have their motion granted, they are entitled to have every motion or proceeding in the case heard before the superior court of the county of their residence.''

In *Griffin & Skelly Co.* v. *Magnolia & H. F. C. Co.*, 107 Cal. 378, [40 Pac. 495], it was held that a ruling upon the demurrer could not be made until after a decision upon the motion to change the place of trial.

In *Nolan* v. *McDuffie*, 125 Cal. 334, [58 Pac. 4], it was held that the order of the court sustaining a demurrer to the complaint was a nullity pending the hearing of a motion for a change of venue, notwithstanding the lower court at the time said order was made was not cognizant of the fact that the defendant had made a demand for a change of the place of trial.

The foregoing decisions are controlling in this case.

An alternative writ of mandate was issued herein that the question might be considered, but we are satisfied that the lower court took the proper view of the situation, and the said writ is therefore discharged and the proceeding dismissed.

Ellison, P. J., *pro tem.*, and Hart, J., concurred.