[Civ. No. 9603. Second Appellate District, Division Two.—May 7, 1934.]

PICKWICK STAGES SYSTEM (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Willis I. Morrison and Lasher B. Gallagher for Petitioners.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, Russell H. Pray and Walhfred Jacobson for Respondents.

CRAIG, J.—■ The petitioners having been ordered to file their answer pending a motion for a change of place of trial in the hearing on motion for change of place of trial and after the overruling of their demurrer, ask that the superior court be required to set aside said ruling and to hear and determine such motion.

By a complaint filed in the county of Los Angeles against numerous defendants, including petitioners, it was alleged that personal injuries were sustained in the state of Oregon through the negligence of defendants. A motion and demand for a change of venue to the city and county of San Francisco, and affidavits in support thereof, were filed. Petitioners appeared by demurrer to said complaint. During argument upon the motion, counsel interrupted the proceedings and moved that the same go off calendar and that the demurrer be overruled, which motion was granted. If the grounds of petitioners' motion for a change of venue were tenable, that is, that they are the only parties defendant who have any connection with or interest in the suit, the Superior Court of Los Angeles County is without jurisdiction thereof. (Code Civ. Proc., secs. 394, 395.) That it "had no power to act upon the demurrer when it did (*Brady* v. *Times-Mirror Co.*, 106 Cal. 46 [39 Pac. 209]) and its order in that regard is a nullity" has long been settled law. (*Nolan* v. *McDuffie*, 125 Cal. 334 [58 Pac. 4].) Such an application operates as a *supersedeas* or stay of proceedings, and must be disposed of before any other steps can be taken. (*Walsh* v. *Superior Court*, 44 Cal. App. 34 [185 Pac. 998].)

It is ordered that the writ issue as prayed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 6, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1934.