[Civ. No. 12620. Second Appellate District, Division Two.—May 28, 1940.]

JOHN MITCHELL BEARD, Petitioner, v. THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY et al., Respondents.

S. G. North for Petitioner.

W. J. Minville for Respondents.

McCOMB, J.—This is an application (1) for a writ of prohibition to restrain respondent from enforcing an order requiring plaintiff to pay *pendente lite* to Camille Lucille Roberts a sum of money for the support of the alleged child of said Camille Lucille Roberts and petitioner, and (2) for an order directing respondent to hear and determine petitioner's motion for a change of venue.

The essential facts are:

January 22, 1940, Camille Lucille Roberts filed an action in the Superior Court of the State of California in and for the County of San Luis Obispo under the provisions of section 196a of the Civil Code against petitioner, in which she sought support for her minor child. In this action she alleged that she was the mother and defendant, the father of said child. Thereafter petitioner served upon plaintiff in said action notice of a motion for a change of venue to the county of his residence, to wit, San Diego County, California. Subsequent thereto plaintiff Roberts filed a motion for allowance of support money, attorney's fees, and costs *pendente lite*. March 6, 1940, respondent made an order requiring petitioner to pay support money, attorney's fees, and costs *pendente lite*, and further ordered that, unless the order was complied with within fifteen days from the date thereof, petitioner's motion for change of venue would be denied.

This is the sole question to be determined:

*Was respondent's order requiring the payment of support money, attorney's fees, and costs pendente lite prior to the determination of petitioner's motion for a change of venue void?*

This question must be answered in the affirmative. It is the established law of California that the filing of a motion for the change of place of trial suspends the power of the trial court to act upon any other question until the motion has been determined (*Nolan* v. *McDuffie*, 125 Cal. 334, 336 [58 Pac. 4]; *Hennessy* v. *Nicol*, 105 Cal. 138, 142 [38 Pac. 649]; *Walsh* v. *Superior Court*, 44 Cal. App. 31, 32 [185 Pac. 998]; *Pickwick Stages System* v. *Superior Court*, 138 Cal. App. 448, 449 [32 Pac. (2d) 433]) and that any order made prior to the determination of the motion for a change of place of trial is a nullity (*Nolan* v. *McDuffie, supra*, p. 337).

Section 396b of the Code of Civil Procedure has no application to an action under the provisions of section 196a of the Civil Code. The latter code section pertains to support money for a child born out of wedlock, while section 396b of the Code of Civil Procedure has application to actions for divorce and separate maintenance.

Applying the foregoing rules to the facts of the instant case, it appears that respondent, having failed to pass upon petitioner's motion for a change of venue, the order of March 6, 1940, for support money, attorney's fees, and costs *pendente lite* was a nullity. Therefore, petitioner is entitled to the relief he seeks, and it is ordered that a writ issue as prayed in his petition.

Moore, P. J., and Wood, J., concurred.