[Civ. No. 17242. Fourth Dist., Div. Two. June 9, 1977.]

RICHARD S. MOORE, Plaintiff and Appellant, v.
DONALD F. POWELL et al., Defendants and Respondents.

**COUNSEL**

Christian Brun Henrichsen for Plaintiff and Appellant.

Thompson & Colegate, Jim D. Bishop, Schell & Delamer and Douglas W. Richardson for Defendants and Respondents.

## Opinion

**THE COURT.**—In an action seeking damages for legal malpractice and conspiracy, plaintiff appeals from a judgment of dismissal. The court below ordered the dismissal after ruling that plaintiff had failed to bring the action to trial within five years, as required by Code of Civil Procedure section 583, subdivision (b).[1] Plaintiff's contention is that the five-year period was tolled by a change of venue.

Plaintiff filed the action in Ventura County Superior Court in July 1971. None of the defendants were served until February 1973.[2] In February and March of 1973 all defendants moved for change of venue to Riverside County, alleging that all defendants resided in Riverside County and all events pertinent to the action had occurred there. The motion was granted on March 30, 1973. The transfer of the action to Riverside County was not completed until December 1973, however, because the transfer fees were not paid until that date. The transfer fees were paid by plaintiff.

The motion to dismiss the action for failure to bring it to trial within five years was heard and granted in August 1976.

As stated above, the action was filed in July 1971 and dismissed in August 1976. ■ Thus more than five years had elapsed and the dismissal was proper unless the period was tolled for some reason. Plaintiff contends the period was tolled by virtue of subdivision (f) of section 583 which provides: "(f) The time during which the defendant was not amenable to the process of the court and the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period specified in any subdivision of this section."

---

[1]Code of Civil Procedure section 583, subdivision (b) provides:

"(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

All statutory references herein are to the Code of Civil Procedure.

[2]This fact is not found in the record but is conceded by plaintiff in his opening brief. A factual statement in a brief may be treated as an admission or stipulation when adverse to the party making it. (*Estate of Kretschmer*, 232 Cal.App.2d 789, 790 [43 Cal.Rptr. 121].)

■ The filing of a motion for change of venue operates as a supersedeas or stay of proceedings, and must be disposed of before any other steps can be taken.[3] (*Pickwick Stages System* v. *Superior Court,* 138 Cal.App. 448, 449 [32 P.2d 433]; cf., *Gutierrez* v. *Superior Court,* 243 Cal.App.2d 710, 723-725 [52 Cal.Rptr. 592].) It has been stated that the filing of the motion "suspends the power of the trial court to act upon any other question until the motion has been determined." (*Beard* v. *Superior Court,* 39 Cal.App.2d 284, 286 [102 P.2d 1087]; see *County of Riverside* v. *Superior Court,* 69 Cal.2d 828, 831 [73 Cal.Rptr. 386, 447 P.2d 626]; *Brady* v. *The Times-Mirror Co.,* 106 Cal. 56, 62 [39 P. 209].) This effect has been called a suspension of the court's jurisdiction. (*Pickwick Stages System* v. *Superior Court, supra,* at p. 449; *Bender* v. *Bender,* 170 Cal.App.2d 325, 327 [338 P.2d 927]; see 2 Witkin, Cal. Procedure (2d ed.) Actions, § 524, p. 1344.)

An interesting statement on this issue is found in *Walsh* v. *Superior Court,* 44 Cal.App. 31 [185 P. 998]. There, in a divorce proceeding, the wife moved for an award of attorney's fees pendente lite while husband's motion for change of venue was pending. The court refused to entertain the wife's motion and on appeal this ruling was declared correct. The appellate court stated at pages 32-33: "It is true that the court had not passed upon the merits of [the husband's] motion and the time had not arrived for its determination, but he had made his demand and given notice of the hearing thereof even before petitioner herein had taken any steps to secure an order for said allowance. *While it may not be entirely accurate to say that the court thereby lost jurisdiction to consider any other motion,* it is at least true that the court pursued the course that is required by the law and decisions in this state. . . . But we are not concerned with the exact technical phraseology of the situation, although it must be said that the appellate courts of this state have gone so far as to hold that under such circumstances jurisdiction to make any previous order does not exist." (Italics supplied.)

■ When a motion for change of venue has been granted by the transferor court, but the transferee court has not yet assumed jurisdiction, the transferor court has limited powers. The court may, upon proper motion, vacate its previous order granting the change of venue. (*Badella* v. *Miller,* 44 Cal.2d 81, 86 [279 P.2d 729].) Also, the court may dismiss the action if the transfer fees are not paid within the time provided. (§ 399 [formerly § 581b]; *London* v. *Morrison,* 99 Cal.App.2d

[3]This rule has been held inapplicable to venue changes pursuant to section 394. (*City of Oakland* v. *Darbee,* 102 Cal.App.2d 493, 502-504 [227 P.2d 909].)

876, 879 [222 P.2d 941].) Outside of these limited powers, the court is said to be without jurisdiction. (*London* v. *Morrison, supra,* at p. 879.)

As the foregoing authorities indicate, it would not be incorrect to say that during the period between the filing of a motion for change of venue and the completion of the transfer by payment of transfer fees, the jurisdiction of the court is suspended. ▬ Nonetheless, we are not persuaded that the court's jurisdiction is suspended within the meaning of subdivision (f) of section 583.

"It is now recognized that the term 'jurisdiction' does not have a single, fixed meaning, but has different meanings in different situations. The practical approach to the subject, therefore, is by *classification* rather than definition; i.e., the scope and meaning of the term will best be discovered by an examination of the situations in which problems of jurisdiction are involved. As the court observed in the *Abelleira* case [*Abelleira* v. *Dist. Ct. of Appeal,* 17 Cal.2d 280 (109 P.2d 942, 132 A.L.R. 715)], *supra*: 'The term, used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition. At best it is possible to give the principal illustrations of the situations in which it may be applied, and then to consider whether the present case falls within one of the classifications.' (17 Cal.2d 287.)" (1 Witkin, Cal. Procedure (2d ed.) Jurisdiction, § 1, p. 526.)

▬ "A court should interpret legislation reasonably and should attempt to give effect to the apparent purpose of the statute." (*Kesler* v. *Department of Motor Vehicles,* 1 Cal.3d 74, 77 [81 Cal.Rptr. 348, 459 P.2d 900].) "The literal meaning of the words of a statute may be disregarded to avoid absurd results or to give effect to manifest purposes that, in the light of the statute's legislative history, appear from its provisions considered as a whole." (*Silver* v. *Brown,* 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].)

▬ "The dismissal statutes, like statutes of limitation, 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time.' [Citation.] Thus in applying the mandatory five-year provision of section 583 we have said that '[u]nless an action is brought to trial within five years after it has been filed, except where the parties stipulate in writing that the time may be

extended or in certain cases where the defendant is absent from the state, the action must be dismissed upon motion of the defendant. [Citations.]' " (*Crown Coach Corp.* v. *Superior Court,* 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347].)

■■■■ Subdivision (f) of section 583, previously quoted, was added to the statute in 1970. It merely codifies a principle previously established in the case law. (*McDonough Power Equipment Co.* v. *Superior Court,* 8 Cal.3d 527, 533 [105 Cal.Rptr. 330, 503 P.2d 1338]. See 4 Witkin, Cal. Procedure (2d ed.) Proceedings Without Trial, § 103, p. 2766.) Accordingly, cases decided prior to 1970 may be consulted in construing the subdivision.

The guiding principles have been summarized as follows: "[O]ver the years, this court and the Courts of Appeal have established decisionally certain implied exceptions where it would be impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the five-year period. [Citations.] ... [¶] It is settled that the implied exceptions to the five-year period prescribed by section 583 do not contemplate 'that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period. ...' [Citations.] '[T]he duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination.' [Citations.]" (*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d 540, 546-548.)

■ In the case at bench the change of venue was sought, and by implication granted, solely on the ground that the court designated in the complaint was not a "proper court." (§ 397, subd. 1.) Ordinarily, the proper county for trial of an action is the county in which the defendants or some of them reside. (§ 395.) All of the defendants reside in Riverside County. Therefore, plaintiff should have foreseen the strong probability that defendants would move to change venue and the normal time required for such a change can hardly be deemed an extraordinary or unavoidable delay. (See *Bass* v. *Braun,* 178 Cal.App.2d 744, 745-747 [3 Cal.Rptr. 212].)

■ Plaintiff contends, however, that defendants' refusal to pay transfer fees constituted an unavoidable delay.

Section 399 provides, in pertinent part: "When the transfer is sought solely, or is ordered, because the action or proceeding was commenced in a court other than that designated as proper by the provisions of this title, such costs and fees . . . shall be paid by the plaintiff before such transfer is made; and if, in any such case, the defendant has paid such costs and fees at the time of filing his notice of motion, the same shall be repaid to him, upon *the making of such order. If such costs and fees have* not been so paid by the plaintiff within five days after service of notice of such order, then any other party interested therein, whether named in the complaint as a party or not, may pay such costs and fees, and the clerk shall thereupon transmit the papers and pleadings therein as if such costs and fees had been originally paid by the plaintiff, and the same shall be a proper item of costs of the party so paying the same, recoverable by such party in the event he prevails in the action; otherwise, the same shall be offset against and deducted from the amount, if any, awarded the plaintiff in the event the plaintiff prevails against such party in such action."

The foregoing provision clearly means that it is plaintiff's responsibility to pay transfer fees when venue is changed on the ground that it was not commenced in a proper court. Thus the delay occasioned by the failure to pay transfer fees in the instant case is attributable to plaintiff's inaction; the delay was avoidable by plaintiff and therefore the five-year period was not tolled. (See *Grime v. Superior Court,* 39 Cal.App.3d 46, 48-49 [113 Cal.Rptr. 850].)

A somewhat similar situation was presented in *Hunot v. Superior Court,* 55 Cal.App.3d 660 [127 Cal.Rptr. 703]. There the plaintiff contended, on appeal from a judgment of dismissal pursuant to subdivision (b) of section 583, that the five-year period had been tolled by the defendants' demand for security for costs pursuant to section 1030. In affirming the dismissal, the appellate court clearly implied that the controlling consideration was not the technical definition of jurisdiction, but rather the policies underlying section 583. As it was within the plaintiff's power to minimize the delay by promptly posting security, the court held that the stay occasioned by section 1030 proceedings did not suspend the court's jurisdiction within the meaning of subdivision (f) of section 583.

▆▆▆ Similarly, we hold that a delay occasioned by a change of venue pursuant to subdivision 1 of section 397, including any delay involving payment of transfer fees, does not involve a suspension of jurisdiction

within the meaning of subdivision (f) of section 583.[4] Consequently, the trial court correctly dismissed the action.

The judgment is affirmed.

---

[4]A delay occasioned by an *appeal* from a venue order would, of course, involve considerations not before us at this time. (See *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153].)